(992 P.2d 1255)

No. 82,142

LARRY FREDERKING and KAREN MEYER, *Appellants*, v. RONALD
D. FREDERKING a/k/a RONALD FREDERKING, HELENE LEESA
FREDERKING and RUSSELL FREDERKING, *Appellees*.

Opinion filed
November 24, 1999.

*Ron Svaty*, of Svaty, Sherman & Hoffman, L.L.C., of Ellsworth, and *Larry E.
Keenan*, of Keenan & Boeckman Law Firm, P.A., of Great Bend, for appellants.

*Larry G. Michel*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of
Salina, for appellees.

Before ELLIOTT, P.J., TOM MALONE, District Judge, and PATRICK
D. MCANANY, District Judge, assigned.

ELLIOTT, J.: Appellants appeal the award of costs following an
award of summary judgment in favor of appellees.

We affirm.

Appellants first argue the award of costs is premature because
the merits are currently on appeal to this court; they cite no case
law nor supporting authority for this contention. A review of the
statutes indicates the legislature contemplated an award of costs to
occur directly following a final order of the trial court. See K.S.A.
60-2004 (indicating payment of costs does not constitute acquies-
cence in the judgment so as to prevent an appeal).

Appellants also argue the trial court erred in including the sten-
ographic charges of depositions in the award of costs to appellees.
Stenographic charges for the taking of depositions may be taxed as
costs where the depositions were "used as evidence." K.S.A. 1998
Supp. 60-2003(5). Appellants claim the depositions were not used
as evidence.

The trial court held the depositions were used as evidence in determining the motion for summary judgment and "served the same purpose as the deponents' testimony or deposition transcripts would have served at trial."

Appellants' reliance on *Bridges v. Bentley*, 244 Kan. 434, 445-46, 769 P.2d 635 (1989), and *Wood v. Gautier*, 201 Kan. 74, 78-79, 439 P.2d 73 (1968), is misplaced. Both of those cases involved the use of depositions at trial, but the depositions were not admitted into evidence. Those courts held the costs of those depositions could not be taxed as costs.

Here, the trial court did not abuse its discretion in distinguishing the present situation because the depositions were used as evidence by the trial court in deciding the summary judgment motion.

Affirmed.